**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-50796
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CURTIS RAY DRIVER

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-211-ALL

Before GARWOOD, JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Curtis Ray Driver was convicted of possession with the intent to distribute crack cocaine and possession of a firearm during a drug-trafficking offense. In December 2006 Driver was sentenced to consecutive terms of 48 months and 60 months of imprisonment. By order entered April 9, 2008, the district court subsequently granted a 18 U.S.C. § 3582(c)(2) motion, in light of the Sentencing Commission's recent amendments to the base offense levels for crack cocaine

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offenses, and reduced Driver's 48-month sentence to 38 months. Driver also filed a 28 U.S.C. § 2255 motion challenging his conviction. By order entered April 9, 2008, the district court denied Driver's § 2255 motion. Driver did not appeal this decision of the district court.

Driver now appeals the district court's July 10, 2008 order denying Driver's motion, filed June 30, 2008, for copies of the search warrant that was executed in his criminal case and his arrest records. Driver alleges that these records are necessary to proceed with a claim challenging his conviction for possession of a firearm during a drug-trafficking offense. He also attacks the validity of the conviction.

Because Driver did not timely appeal the denial of his § 2255 motion, any challenge to his conviction is not before this court. When Driver filed his motion for documents in the district court, he did not have a § 2255 motion pending before the district court; thus, Driver is not entitled to free copies of the documents in question. *See United States v. Carvajal*, 989 F.2d 170, 170 (5th Cir. 1993)*; Walker v. United States*, 424 F.2d 278, 278-79 (5th Cir. 1970).

Accordingly, the district court did not err in denying Driver's motion. The judgment of the district court is AFFIRMED.